UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>NATIONAL STEEL CORPORATION, *et al.*,<br><br>  Debtors.<br>_____<br><br>NKK LITIGATION TRUST,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>NUF LLC, JFE STEEL CORP., as successor by merger to NKK CORPORATION, NKK TRADING, INC., and NKK STEEL ENGINEERING, INC.,<br><br>  Defendants-Appellants. | 05 C 3362<br><br>Judge George M. Marovich |

### MEMORANDUM OPINION AND ORDER

Defendant-appellants, NUF LLC, JFE Steel Corporation and NKK Steel Engineering, Inc., seek leave to appeal an interlocutory order entered by the United States Bankruptcy Court for the Northern District of Illinois. For the reasons set forth below, the Court denies defendants' motion for leave to appeal an interlocutory order and dismisses this appeal for want of jurisdiction.

**I.  Background**

On March 6, 2002, National Steel Corporation ("National Steel") and forty-one other Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. About nineteen months later, on October 23, 2003, the bankruptcy court confirmed the First Amended Joint Plan of Liquidation of National Steel Corporation and its Affiliated Debtors

and Debtors in Possession (the "Plan"). The Plan created the NKK Litigation Trust (the "Trust), the plaintiff-appellee, to pursue claims against certain entities, including defendants.

On March 4, 2004, the Trust filed a complaint against defendants. On May 7, 2004, some of the defendants moved to dismiss parts of the complaint. On September 14, 2004, the bankruptcy court denied the motion to dismiss, and, one month later, defendants filed an amended answer. On December 14, 2004, the bankruptcy court set a pre-trial conference for February 8, 2005. The day before the pre-trial conference, the Trust filed a pre-trial statement. At the February 8, 2005 pre-trial conference, the bankruptcy court set a trial date of March 27, 2006, more than a year after the pre-trial conference.

About two months after the pre-trial conference, on April 6, 2005, defendants filed a motion to strike from the Trust's pre-trial statement all new claims that were not included in the complaint. Specifically, the defendants argued that the Trust added additional fraud claims that were not included in the complaint. On May 10, 2005, after briefing, the bankruptcy court denied the motion to strike. In denying the motion, the bankruptcy court made the following statement in open court:

> We've got a motion to strike the pretrial statement. I will deny that without prejudice because we are expanding the scope of what we're going to try pursuant to my last ruling. Motions to strike are generally not granted. They aren't favored unless the pleadings at issue, in this case the pretrial statement that is submitted by counsel for the trust, has no possible relation to the controversy and it's clearly prejudicial, Spiegel 193 F. Sup. [sic] 1029 at 1031. Generally the rule is before a motion to strike can be granted the court must be convinced there are no questions of fact; that any questions of law are clear and not in dispute; and that under no set of circumstances could the defense succeed. Normally motions to strike are ordinarily denied where the allegation is under attack or of such character that their sufficiency should not be determined summarily but should be decided only after a hearing and decision on the merits, Gibbs v. Buck, 307 US 66, decided all the way back in 1939, which I think is still good law. So the motion to strike is denied without prejudice.

> And if there is going to be supplements to the pretrial statement that are necessitated because of ongoing discovery and further development in refining of the issues, that would be freely allowed. Rule 15 allows pleadings to be amended. And we're not so close to the eve of trial like we are in the GECC matters where there's going to be any prejudice to either side because the trial isn't scheduled to begin until late March of next year. There is plenty of's [sic] time.

(Transcript of May 10, 2005 hearing at 62-64). The following day, the bankruptcy court entered a minute order denying the motion to strike for the reasons stated in open court.

Defendants filed a motion for leave to appeal the bankruptcy court's interlocutory order denying their motion to strike. In support of their motion for leave to appeal, defendants argue that the bankruptcy court committed a legal error by applying the wrong standard to their motion to dismiss. Specifically, defendants argue that the bankruptcy court should have applied Rule 15 rather than Rule 12(f) to their motion.[1] In addition, defendants argue that the bankruptcy court's error will cause them irreparable harm in that they will be denied the pleading protections of the Federal Rules of Civil Procedure.

## II. Discussion

Pursuant to 28 U.S.C. § 158(a), the district courts have jurisdiction to hear appeals from final judgments, orders and decrees. In addition, that section grants the district courts jurisdiction to hear appeals:

> with leave of court, from other interlocutory orders and decrees; and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

---

[1] Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rules 7012 and 7015 of the Bankruptcy Rules adopt Rules 12 and 15, respectively, of the Federal Rules of Civil Procedure.

28 U.S.C. § 158(a)(3).

The parties dispute the standard the Court should apply in determining whether to grant leave to parties who wish to appeal interlocutory bankruptcy orders. Plaintiff argues that the Court should apply the standard set out in 28 U.S.C. § 1292(b), which defendants argue is not required. Explicitly, 28 U.S.C. § 1292(b) applies only to interlocutory district court orders. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order.") (Emphasis added). The Seventh Circuit has held that a bankruptcy court need not issue a § 1292(b) mandate before a district court takes an interlocutory appeal even though a district court must do so before the circuit court takes an appeal. *See In re Jartran, Inc.*, 886 F.3d 859, 866 (7th Cir. 1989).

In the same case, the Seventh Circuit noted that a district court has discretion to accept or not to accept an appeal from a bankruptcy court's interlocutory order. *Jartran*, 886 F.3d at 866. The only indication the Seventh Circuit has given with respect to the factors a district court should consider in exercising its discretion was to note that the district court in that case had "viewed the issues involved as sufficiently important to justify interlocutory appeal[.]" *Id.* at 865. Thus, a district court has unfettered discretion to grant or deny leave to appeal an interlocutory order from a bankruptcy court. *See Steinberg v. Loukas*, Case No. 91 C 4886, 1992 WL 48573 at * 2 (N.D. Ill. March 3, 1992). Some district courts, in their discretion, have looked to § 1292(b) for guidance on whether to grant leave to appeal. *See Brookins, Jr. v. Coldwell Banker*, 02 C 3425, 2003 WL 1720028 at * 1 (N.D. Ill. March 31, 2003); *In re Demert & Dougherty, Inc.*, Case No. 01 CV 7289, 2001 WL 1539063 at * 5 (N.D. Ill. Nov. 30, 2001).

Other district courts have focused on the importance of avoiding unnecessary delays in the bankruptcy proceedings. *See In re Weniger*, Case No. 92 C 540, 1992 WL 212202 at * 2 (N.D. Ill. Aug. 28, 1992). As the court explained in *In re Pullman Construction Industries*:

> Generally speaking, leave to appeal an interlocutory order will not be granted "absent 'exceptional circumstances." This reticence stems from the concern that granting such leave as a matter of course would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'

*In re Pullman Construction Industries, Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992) (internal citations omitted). This Court, like others, does not wish to encourage unnecessary, piecemeal or successive appeals. *See In re Wieboldt Stores, Inc.*, 68 B.R. 578, 580 (N.D. Ill. 1986).

This case presents no exceptional circumstances, and the Court exercises its discretion to deny defendants' request for leave to appeal. An interlocutory appeal of this issue–which is essentially a dispute over what claims the Trust should be allowed to pursue–would serve only to delay the proceedings. This matter has been pending in the bankruptcy court for more than three years, and the eighteen months since the complaint was filed have been occupied by briefing of various disputes over what claims should or should not be included in the litigation. An appeal of these issues will only further delay the proceedings unnecessarily. We say "unnecessarily" because an interlocutory appeal over what claims a plaintiff may pursue will be necessary only rarely, if ever. The bankruptcy court has discretion to allow changes to the pleadings throughout the litigation pursuant to the terms of Rule 15. Thus, even if this Court heard this appeal, there is no reason why the bankruptcy court could not allow additional amendments later (particularly in a case such as this, where the trial date is still more than six months away). The appeal would have served only to delay the proceedings.

In addition, the fact that this Court is denying leave to appeal the interlocutory order does not mean the issues will evade review. Defendants can challenge the bankruptcy court's order as

of right after a final order is entered in the case. The defendants are simply incorrect in stating that they will irrevocably lose the rights set out in the Federal Rules of Civil Procedure if they are not allowed an interlocutory appeal. Even if the bankruptcy court mistakenly allowed a claim to proceed, such mistake can be corrected on appeal after a final order is entered.

Finally, the Court has little reason to think the proposed appeal is meritorious. The defendants complain that the bankruptcy court should have applied Rule 15 instead of Rule 12(f) in considering whether to strike the new claims from plaintiff's pre-trial statement. It is clear from the bankruptcy judge's comments, however, that he was aware of Rule 15's applicability. In fact, he specifically mentioned that he did not think any prejudice would result from additional claims because the case was still some ten months away from trial when he made his ruling,

Accordingly, the Court denies defendants' motion for leave to appeal the bankruptcy court's interlocutory order of May 11, 2005 and dismisses this appeal for want of jurisdiction.

### III. Conclusion

For the reasons set forth above, the Court denies defendants' motion for leave to appeal and dismisses this appeal for want of jurisdiction.

ENTER:

George M. Marovich
United States District Judge

DATED: 08/31/05